# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2026
Decided February 11, 2026

**Before**

MICHAEL B. BRENNAN, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 26-1114

SIDNEY UPCHURCH,
*Applicant*,

*v.*

UNITED STATES OF AMERICA,
*Respondent*.

On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review.

## ORDER

Sidney Upchurch was sentenced to 324 months' imprisonment after he pleaded guilty to Hobbs Act conspiracy, 18 U.S.C. § 1951(a), six counts of completed Hobbs Act robbery, *id.*, and one firearm count predicated on robbery, *id.* § 924(c)(1)(A). The district court denied Upchurch's motion to vacate the judgment under 28 U.S.C. § 2255. No. 17-CV-6424 (N.D. Ill. Mar. 21, 2019). We then denied two applications for leave to file a successive motion based on *United States v. Davis*, 588 U.S. 445 (2019), and a third application based on other precedents. No. 19-2428 (7th Cir. Aug. 2, 2019); No. 20-2077 (7th Cir. July 14, 2020); No. 22-2824 (7th Cir. Oct. 18, 2022). Now Upchurch has filed a fourth application but does not meet § 2255(h)'s requirements for a successive motion.

Upchurch's § 924(c) count was predicated on a completed Hobbs Act robbery. But because the plea agreement's description of this count also refers to the conspiracy,

Upchurch contends that conspiracy must be the real predicate. And, he says, a firearm count predicated on conspiracy must rest on the residual clause of § 924(c), which *Davis*, in turn, invalidated as unconstitutionally vague. But a retroactive constitutional rule permits a successive motion only if it was "previously unavailable." 28 U.S.C. § 2255(h)(2). And we have recognized that a precedent is not "previously unavailable" if it was issued before the prisoner's prior § 2255(h) application. *Susinka v. United States*, 855 F.3d 728, 729 (7th Cir. 2017). Because *Davis* predated Upchurch's prior applications for leave, he cannot rely on it now. And he has not pointed to new evidence of factual innocence, so § 2255(h)(1) does not help him.

Upchurch also cites the Supreme Court's January 2026 decision in *Bowe v. United States*, --- S. Ct. ---, 2026 WL 70342. *Bowe* holds that challenges to a federal criminal judgment are not covered by § 2244(b)(1), a statute that bars state prisoners from relitigating previous federal habeas claims even if new precedent now supports them. But *Bowe* does not disturb § 2255(h), which, again, requires new evidence or a new and retroactive constitutional rule that was "previously unavailable." *Susinka*, 855 F.3d at 729. That means Upchurch cannot use *Davis* here. And *Bowe* does not independently satisfy § 2255(h) because it interprets a federal statute and does not announce a new constitutional rule.

Upchurch also attacks his sentence as unduly long and asserts that his admissions do not establish that he aided and abetted a § 924(c) offense as charged. Yet these contentions do not involve a new and retroactive constitutional rule or new evidence of factual innocence, so they do not satisfy § 2255(h).

We therefore deny authorization and dismiss Upchurch's application. And we caution Upchurch that filing any further frivolous or repetitive papers will lead to sanctions under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).