No. 26

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

U.S.C.A. — 7th Circuit
RECEIVED
MAR 02 2026

SIDNEY UPCHURCH
PETITIONER.

V.

UNITED STATES OF AMERICA,
RESPONDENT.

SIDNEY UPCHURCH'S PETITION FOR REHEARING EN BANC PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 35(b).

ON APPEAL FROM UNITED STATES DISTRICT FOR SEVENTH CIR. 04-CR-531-1. UNITED STATES COURT OF APPEALS SEVENTH CIRCUIT. 26-1114.

Submitted By
SIDNEY UPCHURCH

To The Honorable Judges Of The United States Court Of Appeals For The Seventh Circuit.

Petitioner Sidney Upchurch respectfully submits the Petition for ReHearing En Banc pursuant to Federal Rules Of Appellate Procedure 35(b). Requesting that this Court Grant a full En Banc Hearing to review the panels decision dated February 11, 2026, denying Petitioner's Motion For Authorization To File A Successive Motion Under 28 U.S.C.§ 2255.

## STATEMENT OF THE CASE

Petitioner was convicted pursuant to a Plea Agreement in the United States District Court For The Northern District Of Illinois Eastern Division on May 25, 2006. The charges to which Petitioner Pled Guilty One Count of Hobbs Act Conspiracy , and Six Counts of Hobbs Act Robbery, and One Count of 924 (c), within the Conspiracy Count.

Following the Supreme Courts decision in United States V. Davis, 139 S.Ct. 2319 (2019). Petitioner first sought Authorization from this Court to File A Successive 2255 Motion in June 2019 (Pro se) this initial petition was Denied.

In June 2020 through retained counsel Petitioner Filed a Second request for Authorization. Which was again Denied by the same panel. In that Denial, the panel erroneously concluded that Petitioner's claims contradicted his Plea Agreement, stating that Petitioner "Aiding and Abetting a 924 (c) Brandishing of a Firearm during a Hobbs Act Robbery". This was, and Remains, a critical mischaracterization of Petitioner's actual conviction. Petitioner did not Pled Guilty to Aiding and Abetting a 924(c) Brandishing during a Hobbs Act Robbery as standalone or Direct Change. Instead, his conviction for the 924(c) offense was explicitly " within the Conspiracy Count".

Most recently on February 11, 2026, the Panel once again Denied request Petitioner filed a third request for Authorization to file a Sucessive 2255 Motion. Critically this filing included his Plea Transcripts, Judgement of Commitment Order to conclusively demonstrate the actual terms of his Plea Agreement. Despite the undisputed documented evidence the Panel Denied the request. But changed direction as to the naming of Petitioner's charges in the third order dening Authorization to file a Successive 2255 Motion. The exhibits used by Petitioner validated the legal assertion inclusive in the Motion enough as to have

the panel acknowledge the true nature as to Petitioner's actual charge. This decision sidestep the relief sought by Petitioner. The Exhibits cleared the error of the Panel, but won't work as a path for relief for Petitioner. This ambiguous issue make this matter appropriate for an En Banc Rehearing, reasons for a En Banc Rehearing. When a Panel decision conflict with a decision of the Supreme Court Of The United States. The proceeding involves a question of exceptional importance. The Panels decision conflicts with the Supreme Court precedent in (Davis 2019).

The Panels refusal to acknowledge the true nature of Petitioner's Plea Agreement prevents a proper Davis analysis. Other question of (Exceptional Importance) (1): Integrity of Plea Agreements. The Panels persisted refusal to acknowledge the clear terms of a Plea Agreement, despite being presented with the Plea Transcripts, Judgement of Sentencing Order and Judgement of Commitment Order, raises a question of exceptional importances concerning sanctity and interpretation of the Plea bargain. A defendants conviction should be based on what they actually plead to, not on a Courts repeated erroneous construction. (2): Due Process and access to Justice. Denying Collateral Relief based on a readily verifiable factual error, about

a Plea Agreement fundamentally undermines Due Process. It effectively closes the door to Davis Application. The consistent misapplication of Petitioner Plea Agreement, (3): The Panel decision conflict with decision of this Courts (inter-circuit conflict). By consistently refusing to accept the undisputed documentary evidence of Petitioner Plea Agreement the Panel creates an inter-circuit conflict. Other Panels, when presented with clear evidence, are bound to interpret Plea Agreement and Judgments. The Panels approach interduces an arbitrary standard where the written record can be disregarded in favor of a prior erroneous judicial finding, leading to inconsistent application of law and facts within the circuit. It also creates a standard of review for Successive Motions that is inconsistent with the principles of judicial economy and finality when a manifest error of facts exist.

ARGUMENT

The heart of this matter is the Panels repeated factual error regarding Petitioners Plea. Petitioner did not Plead to a standalone substantive charge of "Aiding and Abetting the Brandishing of a 924(c) during a substantive Hobbs Act Robbery" as understood by the Panel. Instead, the Plea

Transcripts and Judgement of Sentencing Order clearly show a Plea to Conspiracy to commit Hobbs Act Robbery, Six Robbery Counts and a 924(c) Count that was integrated within the Conspiracy, or predicated to it.

The distinction is not mere technicality, it is dispositive for Davis purposes, if the 924(c) charge, as it appeared in Petitioners actual Plea, relied on the now unconstitutional residual clause of 924(c)(3)(B) for it's predicate "Crime of Violence" (eg. If the Conspiracy itself only qualified as a Crime of Violence under that clause), than the conviction is invalid. The Panels consistent misstatement of the Plea terms has prevented any meaningful analysis under Davis.

The Documentary evidence now before the Court. Petitioners Plea Transcripts, Judgment of Sentencing Order, and Judgment of Commitment Order, unequivocally refutes the Panels repeated factual premise. To deny Authorization for Successive Motion when such compelling, undisputed evidence of manifest factual error is presented, especially in light of new and directly applicable Supreme Court Precedent, is to uphold a conviction that is almost certainly unconstitutional.

En Banc review is necessary to rectify this prolonged and egregious factual error, and ensure that the Supreme Court Pronouncement in Davis and Bowe are faithfully applied and prevent a fundamental miscarriage of Justice from continuing.

## CONCLUSION

For the Foregoing reason Petitioner-Appellant respectfully request that this Honorable Court Grant Rehearing En Banc, vacate the Panels decision dated February 11, 2026, and authorize Petitioner to file a successive 2255 Motion in the District for proper consideration of his Davis claim in light of Bowe V. United States, and the actual terms of his Plea Agreement.

Respectfully Submitted

Sign [signature] pro-se

# SWORN AFFIDAVIT

I Sidney Upchurch swear and attest the aforgoing is truthful and factual to the best of my recollection and knowledge. An I am cognizant that any false statement could result in a criminal prosecution for perjury.

Respectfully Submitted
Sidney Upchurch
Reg No. 17103-424
F.C.I. Pekin
P.O. Box. 5000
Pekin, Illinois, 61555-5000

Sign [signature] Pro-Se

This 25TH day of February 2026.

A CERTIFICATE OF SERVICE

I Sidney Upchurch, certify that on this date of Feb 25TH 2026, I served notice of the foregoing Petition for Rehearing En Banc, upon Respondent-Appelle by First Class Mail Postage Prepaid addressed to the United States Assistant Attorney office of 219, south Dearborn Street, Chicago Illinois, 60604.

Respectfully Submitted
Sidney Upchurch
Reg No. 17103-424
F.C.I. Pekin
P.O. Box. 5000
Pekin, Illinois, 61555-5000

Sign [signature] Pro-Se

Date 2-25- 2026

# EXHIBIT

(Rev. 03/05)

**United States District Court**
**Northern District of Illinois**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case Number: 04-CR-531-1** |
| | ) | **Judge: David H. Coar** |
| **SIDNEY UPCHURCH, a/k/a "Corky"** | ) | |

James D. Tunick, Defendant's Attorney
Brian Hayes, AUSA

## JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT ENTERED A PLEA OF:**

guilty to Count(s) 1ss, 2ss, 3ss, 8ss, 12ss, 18ss, 22ss, 24ss of the Superseding Indictment , which was accepted by the court.

Any and all remaining Counts are dismissed.

**THE DEFENDANT IS CONVICTED OF THE OFFENSES(S) OF:**

| Title & Section | Description of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §1951(a) | Conspiring to Interfere with Commerce by Threats or Violence | 11/21/2003 | 1ss |
| 18 U.S.C. §1951(a) | Interference with Commerce by Threats or Violence | 11/21/2003 | 2ss, 8ss, 12ss, 18ss, 22ss, & 24ss |
| 18 U.S.C. §§924(c)(1)(A) | Using, Carrying, and Brandishing a Firearm during and in Relation to a Violent Crime | 11/21/2003 | 3 ss |

U.S. DISTRICT COURT
2005 SEP 20 PM 5:59
FILED

The defendant is sentenced as provided in the following pages of this judgment.

| | | |
|---|---|---|
| 09/06/2017 | 359 | EXECUTIVE COMMITTEE ORDER: Case as to Sidney Upchurch, Travis Hoffman, Bobby Joe Wynn, Robert D Jones, Brandon Lee Gray, Randy Griffin, Michael Bowman, Stanley Lomax, Gary Graves. Case reassigned to the Honorable John Robert Blakey. Honorable James B. Zagel no longer assigned to the case.(pk, ) (Entered: 09/06/2017) |
| 09/05/2017 | | MOTION by defendant Sidney Upchurch pursuant to 28 U.S.C. Section 2255 filed in case number 17-6424. All filings and entries will be made in civil case number 17-6424. (ks, ) (Entered: 09/06/2017) |
| 03/30/2015 | 349 | EXECUTIVE COMMITTEE ORDER: It appearing that effective December 12, 2014, the Hon. Milton I. Shadur has elected to no longer receive new criminal cases; and It further appearing 04 CR 531, USA v Gary Graves, et al requires further judicial action; therefore It is hereby ordered that the Clerk of Court is to reassign, by lot, 04 CR 531, USA v Gary Graves, et al to another district court judge of this Court. Case as to Sidney Upchurch, Travis Hoffman, Bobby Joe Wynn, Robert D Jones, Brandon Lee Gray, Randy Griffin, Michael Bowman, Stanley Lomax, Gary Graves Reassigned to the Honorable James B. Zagel. Honorable Milton I. Shadur no longer assigned to the case.(mr, ) (Entered: 03/30/2015) |
| 05/20/2011 | 339 | EXECUTIVE COMMITTEE ORDER: Case as to Sidney Upchurch, Travis Hoffman, Bobby Joe Wynn, Robert D Jones, Brandon Lee Gray, Randy Griffin, Michael Bowman, Stanley Lomax, Gary Graves Reassigned to Judge Honorable Milton I. Shadur. Judge Honorable David H. Coar no longer assigned to the case. For further details see order. Mailed notice..(las, ) (Entered: 05/25/2011) |
| 06/09/2009 | | (Court only) ***Motions terminated as to Sidney Upchurch, Travis Hoffman, Bobby Joe Wynn, Robert D Jones, Brandon Lee Gray, Randy Griffin, Michael Bowman, Stanley Lomax, Gary Graves: 325 MOTION by Bobby Joe Wynn for copy of PSR report filed by Bobby Joe Wynn, 322 MOTION by Randy Griffin for transcripts filed by Randy Griffin. (srn, ) (Entered: 10/09/2012) |
| 09/22/2006 | | JUDGMENT and Commitment as to Sidney Upchurch issued to U.S. Marshal (meg, ) (Entered: 09/22/2006) |
| 05/25/2006 | 285 | ORDER as to Sidney Upchurch, Travis Hoffman, Bobby Joe Wynn, Robert D Jones, Brandon Lee Gray, Randy Griffin, Michael Bowman, Stanley Lomax, Gary Graves Signed by Judge David H. Coar on 5/25/06. (las, ) (Entered: 09/25/2006) |
| 05/25/2006 | 284 | MINUTE entry before Judge David H. Coar as to all defendants: Motion hearing held 5/25/05 regarding #273. Government's motion to permit destruction of weapons is granted 273 . Enter order. Mailed notice (las, ) (Entered: 09/25/2006) |
| 05/25/2006 | 283 | JUDGMENT (Sentencing Order) as to Sidney Upchurch (1), Count(s) 1, 10, 10s, 11, 11s, 12, 13, 13s, 14, 14s, 15, 15s, 16, 16s, 17, 17s, 18, 19, 19s, 2, 20, 20s, 21, 21s, 22, 23, 23s, 24, 25, 25s, 26s, 3, 4, 4s, 5, 5s, 6, 6s, 7, 7s, 8, 9, 9s, Any and all remaining Counts ared dismissed.; Count(s) 1s,2s,3s,8s,12s,18s,22s,24s, The defendant is hereby committed to the custody of the united States Bureau of Prisons to be imprisoned for a total uninterrupted terms of Two Hundred and Forty (240) Months on Counts 1,2,8,12,18,22, & 24 |

| | | | |
|---|---|---|---|
| | | | of the Superseding Indictment to run concurrent to each other. and Eighty-Four (84) Months ond Count 3 of the Superseding Indictment to run consecutive to Counts 1,2,8,12,18,22 & 24. Upon release from imprisonment, the defendnat shall be on supervised release for the period of Five (5) Years on Count 3 and Threee (3) Years on Counts 1,2,8,12,18,22,24 to run concurrent. Mandatory Conditions of Supervised Release. The defendant shall make total restitution in the amount of $432,704.00. Schedule of Payments. Restitution List. The defendant is immediately remanded to the custody of the United States., Sidney Upchurch terminated. Signed by Judge David H. Coar on 9/20/06.Mailed notice (meg, ) . Modified on 7/15/2010 (ym, ). (Entered: 09/22/2006) |
| 05/16/2006 | 274 | | NOTICE of Motion by Brian Hayes for presentment of motion for miscellaneous relief 273 before Honorable David H. Coar on 5/25/2006 at 09:00 AM. (Hayes, Brian) (Entered: 05/16/2006) |
| 05/16/2006 | 273 | | MOTION by United States of AmericaPermit Destruction of Weapons as to Sidney Upchurch, Travis Hoffman, Bobby Joe Wynn, Robert D Jones, Brandon Lee Gray (Hayes, Brian) (Entered: 05/16/2006) |
| 05/15/2006 | 275 | | MINUTE entry before Judge David H. Coar as to Sidney Upchurch: Motion hearing held on 5/15/2006 regarding #271. Defendant's pro se Motion 271 to dismiss and discharge counsel James Tunick is Denied. The sentencing hearing will proceed on May 25, 2006 at 9:30 a.m. Mailed notice (meg, ) (Entered: 05/18/2006) |
| 05/08/2006 | 272 | | MINUTE entry before Judge David H. Coar as to Sidney Upchurch: The sentencing hearing that was set for April 20, 2006 was stricken. The sentencing hearing is reset to May 25, 2006 at 9:30 a.m. The Defendant's Pro Se Motion 271 to Dismiss and Discharge Counsel is set for May 15, 2006 at 9:30 a.m. Mailed notice (meg, ) (Entered: 05/09/2006) |
| 04/26/2006 | 271 | | MOTION as to Sidney Upchurch to dismiss and discharge counsel James Tunick; Notice (meg, ) (Entered: 04/28/2006) |
| 04/26/2006 | 270 | | Government' by United States of America as to Sidney Upchurch *Government's Position Paper on Guideline Section 2B3.1(b)(4)(B), Section 3C1.2, and Other Miscellaneous Corrections to the PSR* (Attachments: # 1 Exhibit Government Exhibits 1 through 3)(Hayes, Brian) (Entered: 04/26/2006) |
| 01/17/2006 | 265 | | MINUTE entry before Judge David H. Coar as to SIdney Upchurch: This matter came before the court on 01/17/06 for the sentencing hearing, for the reasons stated on the record, the sentencing hearing is reset to 04/20/2006 at 09:30 AM. Mailed notice (pmp, ) (Entered: 01/18/2006) |
| 10/24/2005 | 255 | | ATTORNEY Appearance for defendant Sidney Upchurch by James D. Tunick (meg, ) (Entered: 10/31/2005) |
| 10/24/2005 | 251 | | MINUTE entry before Judge David H. Coar as to Sidney Upchurch: Status hearing held. Sentencing set for 1/17/2006 at 9:30 a.m. Oral motion of attorney Tunick to file his appearance on behalf of defendant is granted. Mailed notice (meg, ) (Entered: 10/28/2005) |
| 10/24/2005 | | | ORAL MOTION of attorney Tunick to file his appearance on behalf of defendant (meg, ) (Entered: 10/28/2005) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
Plaintiff, )
-vs- ) Case No. 04 CR 531
SIDNEY UPCHURCH, et al., ) Chicago, Illinois
) January 21, 2005
) 9:00 o'clock a.m.
Defendants. )

TRANSCRIPT OF PROCEEDINGS - GUILTY PLEA
BEFORE THE HONORABLE DAVID H. COAR

APPEARANCES:

For the Plaintiff: HON. PATRICK J. FITZGERALD
United States Attorney
BY: MR. BRIAN HAYES
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604

For the Defendant: MR. ROBERT G. CLARKE
BY: MR. ROBERT G. CLARKE
30 West Monroe Street
Chicago, Illinois 60603

Court Reporter:

**Mary M. Hacker CSR, RPR**
**Court Reporter**
**United States District Court**
**219 South Dearborn Street**
**Chicago, Illinois 60604**

(Proceedings had in open court:)

THE COURT: All right. If we can keep Mr. Upchurch for a few minutes, you can take the other defendants back.

MR. HAYES: Brian Hayes, H-A-Y-E-S, for the government.

MR. CLARKE: Robert Clarke for the defendant.

THE COURT: Mr. Upchurch, where are we going?

MR. HAYES: Guilty plea, Judge.

MR. CLARKE: First we have to be arraigned.

MR. HAYES: Yes.

THE COURT: Mr. Upchurch, have you received a copy of the superseding indictment?

THE DEFENDANT: Yes, I did.

THE COURT: You understand what the charges are?

THE DEFENDANT: Yes, I do.

THE COURT: Have you had a chance to talk to Mr. Clarke about them?

THE DEFENDANT: Yes.

MR. CLARKE: In essence, the superseding simply adds Mr. Upchurch to Count 4.

MR. HAYES: And to Count 26, Judge.

THE COURT: Mr. Upchurch, it's my understanding you intend to offer a plea of guilty today.

THE DEFENDANT: Yes, I do.

THE COURT: Now, before I can accept your plea, I

have to make certain factual determinations. Let me tell you what they are so you'll understand why I'm asking you certain questions.

I have to determine whether you're competent to plead at this time, whether you've had the assistance of counsel, whether you understand your trial rights, whether you understand the nature of the charges against you, whether your plea is a voluntary one, and finally, whether there's a factual basis for your guilty plea.

In order to make those determinations I have to put you under oath and ask you questions about these matters. But before I do that, I want you to understand that you have a right to consult with your attorney throughout these proceedings. And I will stop the questioning and give you a chance to talk to your attorney if you just tell me that is what you want to do.

Any false answers to questions that I ask you could subject you to prosecution for perjury or false statement. And in giving truthful answers to some of my questions, you'll be waiving your right not to testify against yourself.

Some of your answers will be incriminating and you'll have to admit your guilt.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. Please swear the defendant.

(Defendant sworn.)

THE COURT: Would you please state your name?

THE DEFENDANT: Sidney Donnell Upchurch.

THE COURT: How old are you, sir?

THE DEFENDANT: 39.

THE COURT: Where did you live before you were arrested?

THE DEFENDANT: 1304 West 77th.

THE COURT: What city?

THE DEFENDANT: Chicago.

THE COURT: All right. And how far did you go in school?

THE DEFENDANT: I graduated.

THE COURT: From?

THE DEFENDANT: High school.

THE COURT: Are you married, sir?

THE DEFENDANT: No.

THE COURT: What kind of work have you done in the last three years?

THE DEFENDANT: Contracting, interior contracting.

THE COURT: Are you in good physical health?

THE DEFENDANT: Yes.

THE COURT: Have you ever been under the care of a doctor, in a hospital, for a mental condition?

THE DEFENDANT: No.

THE COURT: Do either of the attorneys have any doubt as to the defendant's competence to plead at this time?

MR. CLARKE: I have none, Judge.

MR. HAYES: The government does not, Judge.

THE COURT: The Court finds that the defendant is competent to offer a plea of guilty.

Mr. Upchurch, tell me the name of the attorney who is representing you in this case.

THE DEFENDANT: Robert Clarke.

THE COURT: Have you had enough time to talk to him?

THE DEFENDANT: Yes, I have.

THE COURT: Have you told him everything you know about the case?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with the advice and efforts of your attorney?

THE DEFENDANT: Yes, I am.

THE COURT: Now, you're charged in the superseding indictment, in Count 1, with Hobbs Act conspiracy, in violation of Title 18, United States Code, Section 1951, in Counts 3, 6, 9, 11, 13, 15, 17, 19, 21, 23 and 25 with using, carrying and brandishing a firearm during and in relation to a violent crime which may be prosecuted in a court in the United States, in violation of 18 U.S.C.,

Section 1924(c)(1)(a), and in Counts 2, 4, 5, 7, 8, 10, 12, 14, 16, 18, 20, 22 and 24 with committing a robbery that affected interstate commerce, in violation of Title 18, United States Code, Section 1951.

Do you understand the charges against you?

THE DEFENDANT: Yes, I do.

MR. HAYES: Judge, could I interrupt for one minute?

I'm noticing now as you read this, that this first paragraph here was not updated as a result of the superseding indictment.

So, in addition, as a result of the superseding indictment, there was an additional Hobbs Act robbery charged, and defendant is now charged in that in Count 4, and he is charged in Count 26 with an additional 924(c) violation.

THE COURT: All right. Let me return the signed plea agreement.

Why don't you make that amendment in the first paragraph --

MR. HAYES: Certainly, Judge.

THE COURT: -- so we can get that on the record.

(Brief pause.)

THE COURT: Why don't you have Mr. Clarke and Mr. Upchurch initial it?

MR. HAYES: Okay.

(Brief pause.)

MR. HAYES: Mr. Upchurch initialed each of those changes, Judge.

(Document tendered.)

THE COURT: All right.

Now, it's my understanding, Mr. Upchurch, that you're requesting to enter a voluntary plea of guilty to Counts 1, 2, 3, 8, 12, 18, 22 and 24 of the superseding indictment?

THE DEFENDANT: Yes.

THE COURT: All right.

Now, have you discussed specifically those charges with Mr. Clarke?

THE DEFENDANT: I have.

THE COURT: Let's talk about the trial rights for a few minutes.

Under the Constitution and laws of the United States you're entitled to a trial by jury on the charges against you.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You have a right to plead not guilty.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you plead not guilty, you have the right to a speedy trial, the right to see and hear all the witnesses called to testify against you.

Your attorney would have the right to cross-examine the witnesses called by the government to testify against you, and you would have the right to use the subpoena power of this Court to obtain the attendance of witnesses to testify on your behalf.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: At trial you would be presumed to be innocent, and the burden would be on the government to prove you guilty by competent evidence beyond a reasonable doubt before you could be found guilty, and you would have no corresponding burden or obligation to prove that you were innocent.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: At trial, while you would have the right to testify if you chose to do so, you would also have the right not to testify. And if you decided not to testify, the jury or judge could not draw any inference of guilt from the fact that you did not testify.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: The trial could either be a jury trial or a trial by a judge without a jury. But you have a right to a trial by jury. So we could proceed without a jury only if you, the government and I all agreed on that procedure.

Do you understand that?

THE DEFENDANT: (Nodding head.)

THE COURT: You need to answer out loud, Mr. Upchurch.

THE DEFENDANT: Okay. Sorry.

THE COURT: If the trial were a jury trial, the jury would be composed of 12 laypersons selected at random.

You and your attorney would have the right to participate in the selection of the jury.

A large number of prospective jurors randomly selected would be brought into the courtroom. I would then question each of them about their backgrounds and experiences. You and the government would be present to hear the questions and the answers.

If after hearing the answers you believe that any prospective juror should be disqualified for bias or for any other reason, your attorney could make a motion to disqualify that juror.

Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: In addition, both you and the

government would have a certain number of what we call peremptory challenges -- lawyers sometimes call them strikes -- to exercise. And by exercising a peremptory challenge, you would simply say as to a prospective juror, I don't want that person on the jury, and usually you would not have to state a reason.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And, Mr. Clarke, you have explained this to your client?

MR. CLARKE: Yes, Judge. We've gone over all his rights with respect to a trial.

THE COURT: All right.

Now, if you went to trial -- you're charged in a number of counts. If you went to trial, the jury would have to agree unanimously on a verdict and would have to consider each count separately.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you went to trial and you were found guilty, you would have the right to appeal that finding of guilt.

Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Now, if you plead guilty, you're going

to waive all of those trial rights I just described to you.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you plead guilty and I accept your plea, there will not be a trial, and I will enter a finding of guilt and sentence you on the basis of your plea after considering the results of a presentence investigation.

Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Now, I have been handed this written plea agreement, Mr. Upchurch. And I'm going to show it to you once again and ask you if that's your signature on the last page?

THE DEFENDANT: Yes, it is.

THE COURT: All right. Did you read the plea agreement before you signed it?

THE DEFENDANT: I have.

THE COURT: Did you discuss the plea agreement with your attorney before you signed it?

THE DEFENDANT: Yes, I did.

THE COURT: Have any other agreements or promises been made to you that are not in writing?

THE DEFENDANT: No.

THE COURT: I want you to listen carefully, Mr. Upchurch.

I'm going to ask Mr. Hayes to please state what the maximum penalties are in this case.

MR. HAYES: Judge, the maximum penalty with regard to each conspiracy count -- I'm sorry, with the conspiracy count in Count 1 and with the Hobbs Act robbery charges, the substantive charges in Counts 2, 4 -- I'm sorry, the ones that he pleads guilty to are, in fact, 2, 8, 12, 18, 22 and 24. Those each have a maximum penalty of 20 years imprisonment.

The 924(c), the gun charge that he's pleading guilty to, Judge, has a mandatory minimum sentence of 84 months imprisonment and a maximum penalty of life imprisonment.

THE COURT: You understand then, Mr. Upchurch, that the maximum penalty, the maximum punishment, is life?

You understand that?

THE DEFENDANT: Yes, I do.

THE COURT: You understand that the Court may also order restitution of any amounts involved as a condition of supervised release?

Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Do you understand as a result of your plea of guilty, an assessment of $100 per count must be imposed by the Court?

THE DEFENDANT: Yes.

THE COURT: Now, you know what the maximum possible punishment is, Mr. Upchurch, and you know your sentence could be anywhere from zero up to that maximum.

The next thing we need to take into account is the Sentencing Commission guidelines. They are not mandatory, but for purposes of sentencing I have to take a look at what the Sentencing Commission guidelines would prescribe as the sentence.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: So let's go through that analysis.

Mr. Hayes, what's the government's calculation of the offense level, criminal history category, and resulting guideline range for sentencing?

MR. HAYES: The government's calculation is that he has a criminal history Category VI and an offense level of 41, which would result in a guideline range of 30 years to life imprisonment, followed by a consecutive -- a mandatory consecutive sentence on the 924(c) count of 84 months, which results in a total potential sentence of incarceration under the guidelines, if the guidelines were to be imposed, of 444 months to life.

THE COURT: All right. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: So 444 months is 37 years.
Do you understand that?
THE DEFENDANT: Yes.
THE COURT: Do you agree, Mr. Clarke?
MR. CLARKE: Yes, Judge.
THE COURT: All right.
Now, Mr. Upchurch, have you and Mr. Clarke talked about the Sentencing Commission guidelines and how they might apply to your case?
THE DEFENDANT: Yes, we have.
THE COURT: You understand that I can't tell you with certainty what the sentence will be at this point?
THE DEFENDANT: Yes.
THE COURT: This is an 11(c)(1)(c)?
MR. HAYES: Yes, Judge.
MR. CLARKE: Yes, Judge.
MR. HAYES: I believe it's Paragraph 17.
THE COURT: I'm looking at Paragraph 17 on Page 34, and that says at the time of sentencing the government shall make known to the sentencing judge the extent of the defendant's cooperation, and assuming the defendant's full and truthful cooperation, shall move the Court, pursuant to sentencing guideline 5K1.1, to depart from the applicable sentencing guideline range -- I don't know if there really are departures anymore -- and impose a specific sentence

agreed to by the parties.

Defendant understands that the decision to depart from the applicable guideline range rests solely with the Court.

However, this plea agreement is governed in part by Federal Rule of Criminal Procedure 11(1)(c)(1); that the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment or custody in the Bureau of Prisons of no less than 27 years and no more than 32 years.

Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose a sentence it deems appropriate.

If the Court accepts and imposes the agreed term of incarceration set forth, the defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d).

If, however, the Court refuses to impose the agreed sentence of incarceration, thereby rejecting the plea agreement, or otherwise refuses to accept the defendant's plea of guilty, this plea agreement shall become null and void and neither party shall be bound thereto. All right.

And it goes on to say that the defendant agrees to an entry of an order providing for the destruction of a weapon and some ammunition.

Now, Mr. Upchurch --

THE DEFENDANT: Yes?

THE COURT: -- what I read was a lot. Let me just make sure you understand it.

Assuming your full and truthful cooperation, you and the government have agreed as to the range of what the sentence would be. You understand that I'm not bound by that to this extent. I can accept that or I can reject it.

THE DEFENDANT: I understand.

THE COURT: So as long as I sentence you -- assuming your full and truthful cooperation, I sentence you to something within that range, you're bound by your plea agreement. You have no right to withdraw it.

If we get to sentencing and I say, you know, that's too low, it should be higher, you have a right to say, I walk away from the plea agreement.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Similarly, if we get to sentencing and I said, you know, that's too high, it ought to be lower, then the government can walk away from the plea agreement.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now, even within that range, Mr. Upchurch, I assume that you at least have a hope that

it's going to be lower, the lower end of that range rather than the high end of that range?

THE DEFENDANT: Yes.

THE COURT: All right. But you understand that if I decide that it's the higher end, you're still bound by your plea agreement?

THE DEFENDANT: Yes.

THE COURT: All right.

Has anyone forced you in any way to plead guilty?

THE DEFENDANT: No.

THE COURT: Has anyone threatened you in any way or caused you to plead guilty?

THE DEFENDANT: No.

THE COURT: Other than this written plea agreement, have any promises been made to you to cause you to plead guilty?

THE DEFENDANT: None.

THE COURT: Is your decision to plead guilty entirely voluntary?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the final decision as to what your sentence will be, subject to that agreement here, that the final decision rests with me?

THE DEFENDANT: Yes.

THE COURT: All right.

Now, is there a plea waiver -- I mean, an appellate waiver?

MR. HAYES: Yes, there is, Judge.

THE COURT: All right. Let's talk about that for a minute. Paragraph 12 on Page 32.

You remember a few minutes ago, Mr. Upchurch, I told you that among your trial rights was a right to appeal the sentence -- a verdict of guilty if you went to trial?

THE DEFENDANT: Yes.

THE COURT: All right. Remember I told you that if you plead guilty, you were going to waive all those rights, including that right?

THE DEFENDANT: Yes.

THE COURT: All right.

There's another appellate right, though, and that's the right to appeal the sentence. That's not automatic; that doesn't automatically go away just because you plead guilty.

But by virtue of Paragraph 12 in this plea agreement, which says that you're aware that you have a right to appeal the sentence, but in exchange for concessions made by the government in this plea agreement, you knowingly waive the right to appeal any sentence as long as it's within the maximum provided in the statute of conviction. All right.

So, in other words, you're saying, pleading guilty doesn't give up that right, I understand that, but I'm going

to give it up anyway, in this paragraph, in exchange for concessions made by the government.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. I want you to listen carefully one more time. I'm going to ask Mr. Hayes to summarize what the government's evidence would be if this case went to trial.

When he finishes, I'm going to ask you whether what he said was correct and whether you disagree with any part of what he said. So please listen carefully.

MR. HAYES: Your Honor, the government would prove that between on or about, with regard to Count 1, November 21, 2002, and on or about November 21, 2003, that the defendant conspired with his co-defendants to commit a number of Hobbs Act robberies under 18 U.S.C. 1951.

The government would show as part of the conspiracy that the defendant and his co-defendants, such as Bobby Joe Wynn, Travis Hoffman, identified targets, including credit unions, currency exchanges, grocery stores and other commercial establishments for armed robberies.

It was also part of the conspiracy that defendant Upchurch, along with a number of his co-defendants, obtained, possessed, brandished and discharged firearms during the commission of armed robberies and used firearms to abduct and

forcibly detain employees and family members of the employees of the targeted establishments while committing armed robberies.

It was further part of the conspiracy, the government would show, that in some instances the defendants physically restrained employees of the target establishments, in many instances with duct tape, during the commission of armed robberies and obtained stolen vehicles for the commission of armed robberies.

Through various means defendant Upchurch obtained intelligence on the targeted establishments, their employees and the employees' family members prior to committing armed robberies.

The conspirators utilized cellular telephones to communicate with one another while planning and committing armed robberies and used two vehicles owned by defendant Upchurch, a black Hummer and a white Chevy Avalanche, for transportation to and from armed robberies and as a post from which to conduct counter surveillance during armed robberies.

In most instances defendant Upchurch identified the targets of the robberies and laid out a plan to successfully rob the target to the co-conspirators.

The government would prove that the robberies committed by defendant Upchurch and his co-conspirators affected interstate commerce by depleting the assets of and

otherwise disrupting the operations of targeted establishments.

That would be with respect to -- a summary, Judge, with respect to Count 1.

With regard to Count 2, Judge, there's far greater detail provided in the plea agreement, which the defendant says he's read and gone over with his attorney prior to coming here today, Judge, so I will just summarize.

With regard to Count 2, the government would show that on or about November 21, 2003, in Highwood, defendant Upchurch committed an armed robbery which obstructed and delayed and affected commerce in the movement of articles and commodities in commerce by the use of actual and threatened force, violence and fear of injury to the person of a currency exchange employee, and that he and his co-defendants took from the person and presence of a currency exchange employee United States currency totaling approximately $39,566 from the Highwood Currency Exchange in Highwood, Illinois. And the government would show that that robbery was committed by the defendant Upchurch along with co-defendants Gray, Hoffman and Jones.

With regard to Count 2 -- I'm sorry, Count 3, which is a 924(c) count, Judge, this is in connection with that same Highwood robbery.

The government would show that on or about

November 21, 2003, the defendant, Sidney Upchurch, and his co-defendants, did use, carry and brandish firearms, namely a .9-millimeter Taurus semi-automatic pistol, serial number TVD 742277, and a .9-millimeter Smith & Wesson semi-automatic pistol, serial number TBF 4913, and ammunition during and in relation to the commission of the armed robbery of the Highwood Currency Exchange on November 21, 2003.

With regard to Count 8, Judge, the government would show that the defendant participated in another armed Hobbs Act robbery when he and co-defendants Wynn, Hoffman and Individual A committed the robbery on October 2nd, 2003, of the West Suburban Currency Exchange in Lombard, taking from the person and presence of a currency exchange employee currency totaling approximately $57,134.

With regard to Count 12, Judge, the government would show that on or about September 11, 2003, at Richton Park, defendant Upchurch, along with co-defendants Bobby Joe Wynn, Travis Hoffman and Randy Griffin, committed an armed Hobbs Act robbery of the Richton Park Currency Exchange, taking approximately $107,101 from the currency exchange by use of actual and threatened force, violence and fear of injury to the person of one of the currency exchange employees.

With regard to Count 18, Judge, the government would prove that on or about July 17, 2003, that defendant

Upchurch, along with co-defendants Bobby Joe Wynn, Travis Hoffman and Robert Jones, committed another armed Hobbs Act robbery on July 17, 2003, of the new 111th Street Currency Exchange in Chicago, taking in a similar manner currency totaling approximately $20,000 from the currency exchange.

With regard to Count 22, the government would show that on or about November 27, 2002, at Chicago, defendant Upchurch, along with co-defendant Wynn, committed another armed Hobbs Act robbery of the 83rd Prairie Currency Exchange in Chicago, taking from the person and presence of a currency exchange employee approximately $117,000.

With regard to Count 24, Judge, the government would show that on or about November 21, 2002, that defendant Upchurch, along with his co-defendant Bobby Joe Wynn, committed another armed Hobbs Act robbery of the Red Rose Music store, located in Chicago, and took from the Red Rose Music store currency and property totaling approximately $60,000 belonging to the Red Rose Music store.

In addition, Judge, there are -- there is a stipulated offense with regard to the Meadowview Currency Exchange, which happened at Kankakee, which is in the Central District of Illinois.

The government would show that on or about November 3, 2003, defendant Upchurch, along with his co-defendants Hoffman, Bowman and another individual,

committed the armed Hobbs Act robbery of the Meadowview Currency Exchange in Kankakee, taking -- attempting to take custody that was -- custody of currency that was under the control of currency exchange employees.

In addition, Judge, the defendant acknowledges in Count 1, the conspiracy count, that in addition to the robberies that we just discussed, more specifically, that he participated in the commission of the November 4, 2003 robbery of the Woodridge Currency Exchange in Downers Grove, the October 29, 2003 robbery, armed robbery, of an Aldi store in Hazelcrest, Illinois, and the October 22, 2003 armed robbery of a currency exchange in Hoffman Estates.

The defendant also admits participating on September 26, 2003, in the robbery of a currency exchange at 159th and Laramie in Oak Forest, Illinois, the September 4, 2003 robbery of the Acme Steel Credit Union in Riverdale, Illinois, the August 28, 2003 armed robbery of a Red Lobster restaurant in Matteson, Illinois, and the armed robbery on May 13, 2003, of the American Watch and Diamond Company in Midlothian, Illinois.

Each of those robberies, Judge, are charged as substantive robberies in the indictment but he's not pleading guilty to those counts. We will agree to dismiss those if he continues to cooperate and is sentenced as anticipated with the plea agreement.

THE COURT: Mr. Upchurch, did you hear what Mr. Hayes just said?

THE DEFENDANT: Yes, I did.

THE COURT: Is what he said correct?

THE DEFENDANT: Correct.

THE COURT: Do you disagree with any part of what he said?

THE DEFENDANT: No.

THE COURT: Do you want to add to any part of what was said?

THE DEFENDANT: No.

THE COURT: All right.

How do you plead to Counts 1, 2, 3, 8, 12, 18, 22 and 24 to the superseding indictment?

THE DEFENDANT: Guilty.

THE COURT: Since you acknowledge that you are, in fact, guilty as charged in those counts, you have had the assistance of counsel, you know your right to a trial, you know what the maximum possible punishment is, and you are voluntarily pleading guilty, I will accept your plea of guilty and enter a judgment of guilty on your plea. I will order a presentence investigation.

Now, do you contemplate holding Mr. Upchurch's sentencing over until after trial?

MR. HAYES: Yes, I do, Judge. So I would request

that we hold off or order that it start at a later date, Judge.

THE COURT: We will do that.

All right. Thank you very much.

THE CLERK: Do you want me to give him your standing order still or wait?

THE COURT: No. I'm not ordering a presentence to take place at this point.

(Which were all the proceedings heard.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ *Mary M. Hacker* *December 13, 2019*

Mary M. Hacker
Court Reporter

Date