In the

# United States Court of Appeals

## For the Seventh Circuit

No. 26-1114

SIDNEY UPCHURCH,

*Applicant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent*.

On Motion for Leave to File
Petition for Rehearing En Banc

DECIDED AUGUST 4, 2026

BRENNAN, *Chief Judge*, in chambers. Before me is a proposed petition for rehearing en banc by Sidney Upchurch, a federal prisoner. Earlier this year, a panel of this court denied his fourth application for leave to file a successive motion for post-conviction review under 28 U.S.C. § 2255(h).[1] His petition asks the court to reconsider that decision. But even after

[1] This petition was presented to me because of my role on the panel that denied Upchurch's application. I construe Upchurch's petition as a motion for leave to file this petition for rehearing en banc. Such a motion may be decided by a single judge. FED. R. APP. P. 27(c).

the Supreme Court's ruling in *Bowe v. United States*, 607 U.S. 13 (2026), this petition is barred by statute. So, the court will file it without further action.

**I**

When Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), it "made significant reforms to the process of federal-court postconviction review for both state and federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 476 (2023). One of those changes was the new, "strictly limited" procedure for filing "second or successive" motions for relief. *Id.* Relevant here, Congress enlisted the federal courts of appeals to play a "gatekeeping" role in evaluating whether such motions should proceed. *Felker v. Turpin*, 518 U.S. 651, 657 (1996).

A state prisoner who seeks to file a second or successive application for a writ of habeas corpus must follow the procedures outlined in 28 U.S.C. § 2244(b)(3). That means filing a motion "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). A three-judge panel of the court of appeals considers the application according to the statutory criteria, and it must "grant or deny the authorization" on an expedited timeline. *Id.* § 2244(b)(3)(B)–(D). Once the court of appeals has ruled, its determination is conclusive. As the statute says, "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." *Id.* § 2244(b)(3)(E).

Many of the same procedures apply to federal prisoners. By cross-reference, the statute authorizing postconviction

review for federal prisoners incorporates requirements in § 2244(b)(3). *See id.* § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals …").

Like every other court of appeals to consider the question, this court has long held that the bar on petitions for rehearing in § 2244(b)(3)(E) applies to federal prisoners through the cross-reference. *See United States v. Wyatt*, 672 F.3d 519, 524 (7th Cir. 2012); *In re Clark*, 837 F.3d 1080, 1082–83 (10th Cir. 2016) (collecting cases); *In re Baptiste*, 828 F.3d 1337, 1340 (11th Cir. 2016). Our court's practice has conformed to this understanding. When federal prisoners submit petitions for panel rehearing or rehearing en banc, the court files them with no further action. Other circuits go further: in the past, for example, the First Circuit has stricken similar motions from the record. *Cf. Lykus v. Corsini*, 565 F.3d 1, 1 (1st Cir. 2009) (state habeas case).

The Supreme Court's recent decision in *Bowe v. United States* could be read to raise doubt about this practice. In *Bowe*, the Court held that the portion of § 2244(b)(3)(E) prohibiting the grant or denial of an authorization from being the subject of a petition for writ of certiorari does not apply to federal prisoners. 607 U.S. at 18. In the process, it considered how "readily" the various parts of § 2244(b) might apply to federal proceedings. *Id.* at 24.

Upchurch's proposed petition for rehearing affords an opportunity to consider whether *Bowe* should affect our handling of federal prisoners' filings in this area.

**II**

Notwithstanding *Bowe*, I conclude that the bar on petitions for rehearing in § 2244(b)(3)(E) applies to federal prisoners proceeding under § 2255(h). *Bowe* does not upset the longstanding consensus in the federal courts of appeals on this issue. Rather, the Court's reasoning in *Bowe* reaffirms why the certiorari bar is different from the bar on petitions for rehearing.

Start with what *Bowe* held. At several points, the majority opinion noted that its holding was limited to the certiorari bar alone. That decision was grounded in unique considerations about when Congress can strip the Court's jurisdiction to hear cases on certiorari. 28 U.S.C. § 1254(1). In the opinion's introduction, the Court held that the certiorari bar did not apply to federal postconviction review because "Congress has not clearly indicated that it intended to incorporate § 2244(b)(3)(E)'s certiorari bar." *Bowe*, 607 U.S. at 18. Later, it reemphasized that the cross-reference in § 2255(h) does not "incorporate[] the certiorari bar" because "the cross-reference, coupled with its context, does not provide the clear indication needed to strip this Court of jurisdiction." *Id.* at 24; *see also id.* at 22 (the certiorari bar "does not prevent the Court's review because [it] does not clearly apply to motions filed by federal prisoners"), *and* 35–36 (summarizing the same point). The holding in *Bowe* applies only to the certiorari bar.

The Court also made three related choices from which I conclude it did not address the question presented here. First, it acknowledged that "[e]veryone agrees that § 2255(h)'s cross-reference incorporates" nearly all of § 2244(b)(3)—subsections (A) through (D). *Bowe*, 607 U.S. at 34; *see also id.* at 24 ("[T]he Government is correct that the cross-reference

incorporates some of the provisions it identifies."). Second, it expressly declined to decide whether its logic also extended to the bar on petitions for rehearing. *Id.* at 32 ("Whether [the] panel-rehearing bar applies to federal prisoners says little, and certainly nothing clear, about whether Congress intended [the] separate certiorari bar to" apply.). Third, and most critically, the Court characterized the statute as "ambiguous" as to whether the certiorari bar applies—not enough to strip the Supreme Court of jurisdiction, but perhaps enough to find more clarity regarding the other part of § 2244(b)(3)(E). *Id.* at 31, 35–36; *see also id.* at 56–57 (Gorsuch, J., dissenting).

Taken together, these choices show that *Bowe* does not speak to the bar on petitions for rehearing by federal prisoners. The dissent emphasized this point. *See Bowe*, 607 U.S. at 51–52, 56 (Gorsuch, J., dissenting). The "commonsense conclusion" that the statute applies to federal prisoners has received "unanimous support in the courts of appeals." *Id.* at 52. *Bowe*'s treatment of certiorari jurisdiction yields little reason for our court to break from its own past practices and the other courts of appeals on petitions for rehearing.

As for the text of the statute, the plain language of both sections confirms that the bar on petitions for rehearing applies through the cross-reference. As the Court stressed in *Bowe*, the cross-reference says, "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). All the Justices agreed in *Bowe* that this reaches § 2244(b)(3)(A), (B), (C), and (D). That is because those provisions bear on how motions are "certified … by a panel of the appropriate court of appeals." The certiorari bar is different, because it concerns the Supreme Court. *See Bowe*, 607 U.S. at 29. So, the Court

concluded "this Court's review … is not part of how a panel certifies a second or successive filing." *Id.*

By contrast, evaluating petitions for rehearing is a routine part of decision making for federal courts of appeals. So, the bar on such petitions places a meaningful limitation on the courts and federal prisoners. It marks the end of the certification process at the moment when the panel chooses to "grant or deny the authorization to file a second or successive application." 28 U.S.C. §§ 2255(h), 2244(b)(3)(D)–(E). Because the bar on petitions for rehearing dictates when certification must stop, it is covered by § 2255(h)'s cross-reference, which incorporates all portions of "section 2244" speaking to how a second or successive motion is "certified" by the "appropriate court of appeals." *Id.* § 2255(h); *Bowe*, 607 U.S. at 28–30.[2]

That understanding dovetails with the Court's repeated emphasis on unique aspects of certiorari jurisdiction in *Bowe*. The Court went out of its way to defend its requirement that Congress provide a "clear indication" that it intended to "strip the Court of [its] jurisdiction" to hear cases by writ of certiorari. *Bowe*, 607 U.S. at 27 (quoting *Castro v. United States*, 540 U.S. 375, 381 (2026)). But even if the statute were ambiguous as to the bar on petitions for rehearing—and it is not—no clear statement is necessary here for several reasons.

[2] As some of the Justices noted at oral argument in *Bowe*, the text of § 2244(b)(3)(E) does not appear to foreclose *sua sponte* rehearing en banc of a panel's grant or denial decision. FED. R. APP. P. 40(c); *see* No. 24-5438, Tr. Oral Arg. at 15, 23–29. It says only that the court's decision "shall not be the subject of a petition for rehearing." 28 U.S.C. § 2244(b)(3)(E). On its face, the text does not deprive courts of their power to correct mistakes on their own initiative. *See Baptiste*, 828 F.3d at 1340 (collecting cases).

The restriction on petitions for certiorari in § 2244(b)(3)(E) is one of the purest examples of jurisdiction stripping in the U.S. Code. It expressly withdraws a small part of the sweeping certiorari grant in 28 U.S.C. § 1254(1). Though Article III of the Constitution grants Congress the power to create "exceptions" and "regulations" to the Supreme Court's appellate jurisdiction, *Bowe* draws on cases in which the Court requires Congress to speak especially clearly if it wants to exercise that power. U.S. CONST. art. III, § 2, cl. 2; 607 U.S. at 25–28. The cross-reference in § 2255(h) was not clear enough for that special purpose, even if § 2244(b)(3)(E) otherwise would be.

But the bar on petitions for rehearing is not jurisdictional. No federal statute governs the rehearing process. Rather, that procedure is prescribed by the Federal Rules of Appellate Procedure—which were enacted by the Supreme Court using its authority under the Rules Enabling Act. *See* 28 U.S.C. § 2072. A requirement "prescribed only in a court-made rule … is not jurisdictional." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 19 (2017). So, the bar on petitions for rehearing in § 2244(b)(3)(E), unlike the bar on petitions for certiorari, does not strip a court of jurisdiction over a class of claims. It simply describes how courts will process parties' requests to reconsider certification decisions.[3]

Even if the bar could be construed as jurisdictional, it would not change the outcome. Congress's power to define

[3] For purposes of the Rules Enabling Act, the statutory bar on filing petitions for rehearing is not "in conflict" with Rule 40. 28 U.S.C. § 2072(b). Subsection (a) speaks in permissive, not mandatory terms: "A party *may* seek rehearing of a decision through a petition for panel rehearing, a petition for rehearing en banc, or both." So, the bar does not deprive prisoners of any guaranteed rights under the rules.

the jurisdiction of the lower federal courts is plenary. *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 448 (1850). It derives from the Madisonian Compromise, which deferred the creation of the lower federal courts until after the Constitutional Convention and gave Congress the ability to "ordain and establish" the "inferior courts." U.S. CONST. art. III, § 1; *see also Patchak v. Zinke*, 583 U.S. 244, 252 (2018). And so far as I can tell, the Supreme Court does not require a clear statement to deprive the federal appellate courts of jurisdiction. In fact, it often errs on the side of requiring federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). I see no reason to break new ground and import a "clear-statement rule" meant for certiorari jurisdiction into our limits on party petitions for rehearing of circuit decisions.

**III**

Absent a ruling from the Supreme Court that the bar on petitions for rehearing in § 2244(b)(3)(E) does not apply to federal postconviction review, I will continue to follow this court's standard practice. Upchurch's petition will be placed on the docket, but it will not be referred to a panel or the full court because it is barred by 28 U.S.C. § 2244(b)(3)(E), as incorporated through § 2255(h).

*It is so ordered.*